```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK

------------------------------X    Docket#
LIXANDER MORALES,             :    14-cv-00485-ARR-LB
          Plaintiff,          :
                              :
   - versus -                 :    U.S. Courthouse
                              :    Brooklyn, New York
                              :
UNITED STATES OF AMERICA,     :
          et al.,             :    July 17, 2015
          Defendants          :
------------------------------X
```

         TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
                BEFORE THE HONORABLE LOIS BLOOM
                 UNITED STATES MAGISTRATE JUDGE

**A  P  P  E  A  R  A  N  C  E  S:**


**For the Plaintiff**:           **Pieter Van Tol, Esq.**
                                 **Andrew Leff, Esq.**
                                 Hogan Lovells US LLP
                                 875 Third Avenue
                                 New York, NY 10022


**For the Defendant**:           **Joseph Anthony Marutollo, Esq.**
                                 U.S. Attorney's Office
                                 Eastern District of New York
                                 271 Cadman Plaza East
                                 Brooklyn, NY 11201



**Transcription Service**:       **Transcriptions Plus II, Inc.**
                                 61 Beatrice Avenue
                                 West Islip, New York 11795
                                 laferrara44@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

```
                                                                 2
                        Proceedings
 1          THE CLERK:  Civil Cause for a Status
 2  Conference, docket number 14-cv-485, Morales v. United
 3  States of America, et al.
 4          Will the parties please state your names for
 5  the record?
 6          MR. VAN TOL:  Good morning, your Honor.
 7          Pieter Van Tol from Hogan Lovells for the
 8  plaintiff, Mr. Morales.  I am joined by my colleague,
 9  Andrew Leff, also from Hogan Lovells.  I should note for
10  the record that Mr. Leff is not yet admitted to this
11  Court but it is -- he's working on it.
12          THE COURT:  It's imminent.
13          MR. VAN TOL:  It's imminent.
14          THE COURT:  Thank you.
15          MR. MARUTOLLO:  Good  morning, your Honor.
16          Joseph Marutollo for defendant United States of
17  America and Dr. Dinesh Patel and with me is an intern
18  from my office, Joshua Goldstein (ph.).
19          THE CLERK:  The Honorable Lois Bloom presiding.
20          THE COURT:  Good morning, Mr. Van Tol, Mr.
21  Leff, Mr. Marutollo and Mr. Goldstein.  Happy Friday to
22  everybody.
23          MR. VAN TOL:  Thank you, your Honor.
24          THE COURT:  First I have to express my great
25  full appreciation to Hogan Lovells and to you, Mr. Van
```

3

Proceedings

1  Tol, for taking on this matter when we asked for pro bono
2  counsel.  We have looked over the case, as you saw.  I
3  did get counsel to retool the complaint but in order to
4  get through what is essentially a medical care claim
5  against the United States without counsel is virtually
6  impossible.  So we're very grateful that you have stepped
7  forward to assist Mr. Morales, who I hope you've had the
8  chance to meet with.
9           Mr. Marutollo, I never grant pro bono counsel
10 unless I've had a number of conferences with a litigant.
11 I am well aware, one, of the scarcity of the resources
12 and two, that there are some cases that just should not
13 take up that kind of resources but when somebody
14 consistently tells the story, doesn't keep embellishing
15 it with additional facts and quite frankly, there but for
16 the grace of God, you know, anybody being incarcerated
17 and having to have their teeth worked on, it has been
18 something that you don't know this, Mr. Marutollo,
19 because he's new in his office, but at the time that I
20 got Mr. Morales' complaint, I got several other dental
21 care cases regarding the same facility.
22          And that's not to say that I am jumping to any
23 conclusion but you don't get to go out and shop for a
24 dentist when you're in custody.  You're given whoever
25 you're given and here, you know, his claim is quite

Proceedings

1  simply that during the extraction when the root broke
2  which may be happens but the guy kept saying oh, this
3  never happens, this never happens and continued to drill
4  for an hour-and-a-half without taking an x-ray.  That to
5  me was something that I needed somebody other than the
6  Court just to look into.
7              So, Mr. Marutollo, now that we have counsel on
8  the other side, and even though Mr. Morales had said when
9  we had spoken at a December 16th conference, that he
10 wasn't interested in settlement, I'm hopeful that we can
11 get through discovery and perhaps talk about how the case
12 could be resolved.
13             And Mr. Van Tol, I don't know if you've had
14 other federal tort claims act cases but -- have you?
15             MR. VAN TOL:  I have not, your Honor, but
16 people in my office are advising me.  So I am well suited
17 for that.
18             THE COURT:  Well, the reason why I was going to
19 say it is it is a malpractice case against -- it's a tort
20 claim against the United States but there are some things
21 that I am just going to put on the record.  So when
22 somebody names individuals like the case had been started
23 when he brought it as a Bivens complaint, besides the
24 Bivens complaint having a much higher standard which was
25 deliberate indifference to serious medical need under the

                                                                    5
                            Proceedings

1  Eighth Amendment prescription against cruel and unusual
2  harm, the biggest difference in my experience has been
3  it's virtually impossible to get the government to settle
4  a Bivens claim because they say that there has to be
5  individual liability which Mr. Marutollo, I've met him
6  because his supervisor brought him up when he was new and
7  I know he comes from the City of New York, from the Corp.
8  Counsel's office.  The City has the same problem.  When
9  you name an officer, it's an individual being sued but
10 it's the City that's going to pay.
11           Somehow the United States takes a very
12 different position on it.  They say oh, no, no, it's the
13 individual, it's the individual.  Well, I know the
14 individual needs to be named but this is my long-winded
15 way of saying that when you name the United States as an
16 entity under a federal tort claims act, it comes out of a
17 different pot.
18           The agency still has to resolve the case but
19 somehow because it's not a Bivens claim against an
20 individual, but it's a claim against the United States,
21 even though it may still come out of the agency coffers,
22 it's treated differently and it is something that I have
23 had more success in getting federal tort claims act cases
24 settled than getting Bivens claims settled.  So --
25           MR. VAN TOL:  Thank you, your Honor.  That's

```
                                                                 6
                          Proceedings
 1   very helpful.  Thank you.
 2             THE COURT:  With that being said, we're sort of
 3   starting -- Mr. Marutollo's taking over and Ms.
 4   Soloveichik is not coming back on this case.  This is
 5   yours now?
 6             MR. MARUTOLLO:  That's correct, your Honor.
 7             THE COURT:  Great.  I'm glad to hear that.
 8   Nothing against her, just that I want to make sure that I
 9   have the people who are going to be working together on
10   the case.
11             And, Mr. Leff, you're new to the firm?
12             MR. LEFF:  Yes, I've been at the firm only a
13   few months.
14             THE COURT:  Is that because you just graduated?
15             MR. LEFF:  Yes, I did last May.
16             THE COURT:  Because you look like you're
17   fifteen, I'm so sorry to say that.
18             MR. LEFF:  I've gotten that before.
19             THE COURT:  I'm sure I'm not the only one that
20   said that to you.
21             MR. LEFF:  No, your Honor.
22             THE COURT:  Well, congratulations on your
23   graduation.
24             MR. LEFF:  Thank you.
25             THE COURT:  And on landing at a good place.
```

```
                                                                  7
                         Proceedings
 1   And I'm glad that you're coming in right away because
 2   that's the way to learn.
 3              Okay.  So I had set the deadline to complete
 4   fact discovery back in December but, of course, I had to
 5   stay discovery and extended it to July and August ut we
 6   know that that's not going to work.
 7              So have the parties talked to each other about
 8   discovery and do you have proposals for what would be
 9   realistic?
10              MR. VAN TOL:  Yes, your Honor.  We have done --
11   we have conferred and we have come up with a schedule
12   which I hope is realistic.  Of course it's at the Court's
13   discretion but what we were hoping for is a fact
14   discovery deadline of mid-December, 2015 and I believe th
15   other two deadlines were expert disclosure and then
16   expert depositions and those would be thirty days after
17   that under our proposal, so mid-January 2016 for the
18   disclosure and mid-February 2016 for the depositions.
19              I know a plaintiff, I should move the case
20   forward and I would like to.  We're gathering the
21   documents.  I think that's a doable schedule and we would
22   like to adhere to it.
23              THE COURT:  Well, that sounds good to me.  The
24   only thing that I would say in between is before you
25   start investing -- now, usually the government is going
```

                                                                8
                         Proceedings

1  to want -- I don't know whether they're going to want to
2  do an exam of plaintiff under Rule 35 or they're just
3  going to want their expert to review his records.  Have
4  we gathered the records, Mr. Marutollo?
5           MR. MARUTOLLO:  We've gathered some of the
6  records.  Some document requests prior to counsel's
7  involvement in the case have been outstanding and there
8  were also some issues which we've raised with counsel and
9  seem like that they will be resolved in terms of the
10 execution of the releases and we were unable to get some
11 of the records because the releases were incomplete when
12 the plaintiff was appearing pro se.
13          So I think we do not have all of the records is
14 the short answer to the question but additionally, I
15 think in this case prior to any potential settlement
16 conference, we may want to have either the plaintiff's
17 deposition or an independent medical examination --
18          THE COURT:  Or both perhaps.
19          MR. MARUTOLLO:  -- or both perhaps.
20          THE COURT:  Well, this is what I want to say.
21 Because Hogan Lovells has taken on the case, that doesn't
22 mean that it's not a pro bono case.  So we want to try to
23 conserve resources so that they'll take other cases in
24 the future.
25          Toward that end, Mr. Van Tol, there is

Proceedings

9

1 something called the Eastern District Civil Litigation
2 Fund.  You can find it on the web site of the Court and
3 the rules are that you can get reimbursement but you have
4 to request before you expend that funds for
5 reimbursement.  And quite frankly, even though it doesn't
6 say it, since I'm a liaison to that board, they don't pay
7 in any one case more than like $5,000.  So even if you
8 need an expert, but that will help defray the cost.  Some
9 firms, quite frankly, don't ever come to the fund because
10 that's not part of their issue.  They'll foot their own
11 bill.  Other firms in order -- my reason for raising this
12 to you is I would like your firm to want to take cases
13 here and if that is in any way going to be the problem, I
14 want you to know that there is this reimbursement fund.
15 You make the application.  It can take care of deposition
16 transcripts and court reporters.  It can take care of
17 anything that would be paid for in a Criminal Justice Act
18 case, can be paid for with the exception that it only
19 goes to a certain limit.  Okay?
20             MR. VAN TOL:  Thank you, your Honor.
21             THE COURT:  So, the reason why I said that is I
22 do know that the government may need either an exam or a
23 deposition or both or may need the expert that they are
24 going to designate to review the records to see whether
25 or not it was an actionable tort to keep drilling.  I

```
                                                                10
                           Proceedings
 1  don't know.  It makes my teeth hurt just thinking about
 2  it though.  So that's sort of my threshold, Mr.
 3  Marutollo.  If my teeth are hurting when I am reading the
 4  complaint, you know --
 5           So I'm sorry, I'm not trying to make light of
 6  it but --
 7           MR. MARUTOLLO:  That's okay.
 8           THE COURT:  -- you understand.  So in any
 9  event, I'll adopt the dates that you have proposed to the
10  Court.  They seem reasonable.  I do want the parties to
11  work together.  I have no doubt that you'll be able to
12  get a lot more accomplished now that Mr. Van Tol is on it
13  and you're on it, Mr. Marutollo.
14           So, you're asking for mid-December.  So let's
15  say December 18th -- no, that's a Saturday.  Wait.  No,
16  that's a Friday.  December 18th to complete all
17  discovery, 12/18/15 and then expert discovery, I am going
18  to give you a little bit more than I usually would
19  because I do want there to be time in between that
20  perhaps we could meet and talk settlement.
21           So, January 31st for the expert reports and
22  then the end of February is -- February 28th -- 2/28/16.
23  So I'll adopt all of those and then Judge Ross has her
24  own pre-motion conference rules.  So thirty days from the
25  close of expert would put us to March 28th.  And I'll put
```

```
                                                              11
                        Proceedings
 1   this all in a record that you'll get by ECF.
 2             But my hope is that you'll get through the fact
 3   discovery and you'll want to come to the table to talk
 4   about a way to resolve the case.  One big difference in
 5   federal prisoners who are bringing civil rights claims or
 6   a federal torts claims act is if it's a state prisoner or
 7   a city prisoner, they have a big carrot and stick in the
 8   attorney's fee provision, which is 1988.  Unfortunately,
 9   in federal prisoners claims, there is no corresponding
10   statute.
11             Since Bivens was a creation of the Supreme
12   Court as an analog to the mechanism under 42 U.S.C.
13   Section 1983, and 1988 was passed at the same time as
14   1983, but there's never been any analog under Bivens.  So
15   that is usually a -- this is all grist for the mill for
16   future reference.  Mr. Van Tol, that's usually a way that
17   we can get City cases to resolve because when Hogan
18   Lovells comes in on a City case, they don't want your
19   attorney fee application at the end of the case.  So they
20   would rather settle with the plaintiff than to face your
21   bill.
22             But in a federal case, we don't have that same
23   carrot and stick or at least nobody has ever pointed me
24   to any case where the -- under the Bivens remedy the
25   Court has given attorneys fees.  So the United States
```

```
                                                                12
                           Proceedings
 1   Attorney's Office knows that.  They use that.  That
 2   doesn't mean that we can't get cases resolved.  So if
 3   when you're doing the research it looks like this is a
 4   case that should be resolved, I welcome you calling my
 5   chambers and getting a settlement conference.
 6              Is Mr. Morales still incarcerated?
 7              MR. VAN TOL:  He is, your Honor.  Yes.
 8              THE COURT:  And where is he?
 9              MR. VAN TOL:  At the Queens Detention Facility.
10              THE COURT:  Okay.  At least he's local, so if
11   we needed him, it wouldn't be that difficult.  So I'll
12   set the deadlines that we've discussed on the record for
13   fact discovery, expert reports and expert depositions and
14   the pre-motion conference.
15              Were there any other matters that needed to be
16   addressed today on behalf of Mr. Morales, Mr. Van Tol?
17              MR. VAN TOL:  No, your Honor.  Thank you very
18   much.
19              THE COURT:  Thank you.  Anything further, Mr.
20   Marutollo --
21              MR. MARUTOLLO:  No, your Honor.
22              THE COURT:  -- on behalf of the United States?
23              Then, thank you very much.  I will leave it in
24   your good hands and please contact my chambers if I could
25   be helpful.  Thank you.
```

```
                                                                    13
                          Proceedings
 1          MR. MARUTOLLO:  Thank you, your Honor.
 2          MR. VAN TOL:  Thank you.
 3          MR. MARUTOLLO:  Have a good weekend.
 4          THE COURT:  You, too.
 5               (Matter concluded)
 6                    -o0o-
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Transcriptions Plus II, Inc.

14

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **4th** day of **November**, 2015.

*Linda Ferrara*
Linda Ferrara

CET**D 656
Transcriptions Plus II, Inc.